UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JANE DOE,<br>Plaintiff,<br><br>v.<br><br>VANDERBILT UNIVERSITY and<br>VICTORIA R. PICOTT,<br>Defendants. | Case No. 3:23-cv-00426<br><br>Judge Richardson<br><br>Magistrate Judge Frensley |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Vanderbilt University ("Vanderbilt" or "the University") hereby moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted. Plaintiff Jane Doe asserts ten federal- and state-law claims based on Vanderbilt's alleged failure to prevent or investigate a sexual relationship that allegedly occurred between Doe and Victoria Picott, a coach on the women's basketball team.

As discussed more fully in Defendant's Memorandum in Support of this Motion:

1) Doe's allegations make clear that each of her ten claims, all of which concern events that occurred more than ten years ago, is untimely.

2) Doe's Title IX claim (Count 1, Compl. ¶¶ 204-229) fails to state a claim because Doe does not allege that anyone with authority failed to prevent the alleged sexual assault or that Vanderbilt was deliberately indifferent to her assault after it occurred.

3) Doe's breach of contract claim (Count 2, Compl. ¶¶ 230-234) fails to identify a contractual or quasi-contractual obligation that Vanderbilt violated. Even assuming *arguendo* that Vanderbilt's student handbooks and manuals create an implied contract, Doe has not plausibly alleged any way in which Vanderbilt's actions materially violated its obligations

1

under any policy.

4) Doe's breach of fiduciary duty claim (Count 4, Compl. ¶¶ 239-245) fails to identify the source of any fiduciary obligation Vanderbilt owes to Doe. Even assuming *arguendo* that Vanderbilt owed a fiduciary duty to Doe, Doe has not plausibly alleged that Vanderbilt abused the trust Doe placed in the school.

5) Doe's battery and assault claims (Counts 5 and 6, Compl. ¶¶ 246-254, 255-261) fail because she does not allege that Coach Picott's wrongful or tortious acts were committed within the course and scope of her employment.

6) Doe's intentional infliction of emotional distress claim (Count 7, Compl. ¶¶ 262-271) fails to state a claim because she identifies no action by Vanderbilt that could be considered "outrageous," "extreme," "atrocious," or "utterly intolerable."

7) Doe's negligence claims (Counts 3, 8, 9, and 10, Compl. ¶¶ 235-238, 272-278, 279-285, 286-293) each fail because Doe does not plausibly allege that Vanderbilt owed her a duty of care beyond that assumed by contract. Even assuming Vanderbilt owed Doe a duty of care outside of any contractual obligations, Doe has not plausibly alleged the other core elements of her negligence claims, including breach, cause in fact, or legal cause because she does not claim that Vanderbilt knew or should have known that Doe was at substantial risk of the sexual misconduct she allegedly experienced. Her claims for negligent hiring and supervision and negligent retention must be dismissed for the additional reason that she has failed to plead that Vanderbilt knew Coach Picott was unfit for her job.

8) This Court lacks jurisdiction over Doe's claims for injunctive, equitable, or declaratory relief because Doe lacks standing to pursue those claims and, at any rate, her claims are moot. (Compl. ¶ 11). Doe is a former student who left the University over a decade ago

and does not allege that she intends to return in any capacity; she therefore lacks standing to pursue forward-looking equitable remedies or declaratory relief. She has also failed to demonstrate that she would suffer irreparable injury if the relief were denied. In any event, the policies that Vanderbilt has already adopted and implemented over the decade-plus since Doe left the University look very similar to those that Doe now requests—making her demands largely moot.

For the reasons stated above and discussed more fully in Vanderbilt's accompanying memorandum, Doe's Complaint should be dismissed in its entirety.

Dated: July 10, 2023

Respectfully submitted,

/s/ Kevin Klein
Kevin Klein (BPR# 023301)
Klein Solomon Mills, PLLC
1322 4th Ave. North
Nashville, TN 37208
(615) 600-4780 (phone)
kevin.klein@kleinpllc.com

Molly M. Jennings (*pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000 (phone)
molly.jennings@wilmerhale.com

***Attorneys for Vanderbilt University***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of July, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to:

Anne Bennett Hunter
Hunter Law Firm
101 Creekside Crossing, Suite 1700-307
Brentwood, TN 37027
(615) 592-2977 (phone)
anne@hunteremploymentlaw.com

Tina O. Miller (*pro hac vice*)
Reisinger Comber & Miller, LLC
436 Seventh Ave #300
Pittsburgh, Pennsylvania 15219
(412) 894-1380 (phone)
tmiller@reisingercomber.com

***Attorneys for Plaintiff***

Paige M. Lyle
FordHarrison LLP
150 3rd Ave. South, Suite 2010
Nashville, TN 37201
(615) 574-6705 (phone)
plyle@fordharrison.com

***Attorney for Victoria R. Picott***

/s/ Kevin Klein