IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00426 |
| ) | Judge Richardson |
| VANDERBILT UNIVERSITY and ) | Judge Frensley |
| VICTORIA R. PICOTT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

### I. INTRODUCTION

Plaintiff Jane Doe is a former student-athlete and member of the Vanderbilt University Women's Basketball Program ("the Program"). Docket No. 1, p. 4. Victoria Picott ("Coach Picott") was an assistant coach for Ms. Doe's team. *Id.* at 2. In April 2023, Ms. Doe filed this suit against both Coach Picott and Vanderbilt University ("Vanderbilt"), alleging that Vanderbilt "failed to implement and/or enforce policies and practices to identify and prevent the grooming, exploitation, sexual harassment and sexual abuse of its student-athletes by athletic department personnel," and that as a result, Coach Picott "groomed, exploited, sexually harassed, and sexually abused" Ms. Doe while she played on Coach Picott's team. *Id.* at 1–2.

This matter is before the Court upon Ms. Doe's "Motion to Proceed Pseudonymously and for Protective Order" (Docket No. 38), in which Ms. Doe requests permission to proceed in this suit under a pseudonym, a protective order barring disclosure of her true name or other identifying information, and the redaction of any court documents containing such information. Ms. Doe has also filed a Supporting Memorandum (Docket No. 39). Coach Picott has filed a Response in

Opposition (Docket No. 40), to which Ms. Doe filed a Reply (Docket No. 42). For the reasons set forth below, Ms. Doe's Motion (Docket No. 38) is **DENIED**.

## II. LAW AND ANALYSIS

### A. Request to Proceed Under a Pseudonym

#### a. The *Porter* Factors

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a), 17(a)(1). In exceptional cases, the court may grant an order allowing a plaintiff to proceed under a pseudonym. To obtain such an order, a plaintiff must show that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

In *Doe v. Porter*, the Sixth Circuit identified a non-exhaustive list of factors (which the parties refer to as the "*Porter* factors") that courts may consider in determining whether "special circumstances" exist to justify an exception to the rule, including:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981) (internal quotation marks omitted)). The court may exercise its discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously. *See, e.g.*, *Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 U.S. Dist. LEXIS 12675, 2021 WL 243155, at *7

(E.D. Mich. Jan. 25, 2021); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 U.S. Dist. LEXIS 118787, 2018 WL 3434345, at *1 (E.D. Mich. Jul. 17, 2018).

Ms. Doe asserts that *Porter* factors 2 and 4 support her request to proceed under a pseudonym. Docket No. 39, pp. 3–5. Regarding factor 2, she argues that the litigation of this claim will require her to disclose information of the utmost intimacy: specifically, "details about same-sex sexual activity that was—and remains—deeply traumatic and harmful to [her] mental and emotional well-being." *Id.* at 3. Ms. Doe also contends that her status as a minor when she was recruited to the Program weighs in favor of factor 4 (*id.* at 4); however, even if factor 4 is not satisfied, Ms. Doe argues that "this Court has granted motions to proceed pseudonymously even when *only* the 'utmost intimacy' factor weighs in favor of doing so" (Docket No. 42, p. 2 (emphasis in original)). As to factors 1 and 3, Ms. Doe concedes that she is not challenging governmental activity and does not intend to violate the law. *Id.* at 5.

Coach Picott maintains that none of the *Porter* factors weigh in favor of Ms. Doe proceeding under a pseudonym. Docket No. 40, p. 3. She asserts that Ms. Doe's reasoning for factor 2 is "merely speculative," (*Id.* at 6), and she argues that Ms. Doe's claim of minor status for purposes of factor 4 is "grossly misleading" because Ms. Doe "was an adult during her sexual relationship with [Coach] Picott" (*Id.* at 8).

The Court finds that in this instance, the *Porter* factors weigh against the use of a pseudonym. Of the four factors, Ms. Doe satisfies only the second: prosecution of the instant suit will compel her to disclose information "of the utmost intimacy" (details of her sexual history and the nature and circumstances of the alleged sexual abuse). *See* Docket No. 39, p. 3. Ms. Doe maintains that she also satisfies factor 4; however, Ms. Doe presents no evidence that she was a minor during the period in which she was allegedly "groomed, exploited, sexually harassed, and

3

sexually abused" by Coach Picott. Docket No. 1, pp. 1–2. Instead, Ms. Doe only presents evidence that the alleged "groom[ing], exploit[ation], sexual[] harass[ment], and sexual[] abus[e]" first occurred when Ms. Doe was a graduate student in her early 20's. *Id.* at 23.

Ms. Doe points to *Doe v. FedEx Ground Package System, Inc.* as an instance in which this Court granted a motion to proceed under a pseudonym based solely on the utmost intimacy factor. Docket No. 42, p. 2 (citing No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324 (M.D. Tenn. Oct. 29, 2021)). But the circumstances in *FedEx Ground* differ substantially from those in the present case. In *FedEx Ground*, two plaintiffs sued their employer, alleging that their direct supervisor repeatedly raped, sexually assaulted, and sexually harassed the plaintiffs during work hours on multiple occasions. *See* 2021 U.S. Dist. LEXIS 209324, at *1–10. One plaintiff was permitted to proceed pseudonymously while the other was not. *Id.* at *28–29. The plaintiff who was permitted had indicated to the court that:

> she has suffered "severe emotional trauma" as a result, for which she has undergone and continues to undergo psychiatric treatment and to take medication for depression and PTSD. She indicates that having her name appear publicly in court filings and news stories, specifically, would cause her to worry for the rest of her life if the people she meets know about her history, causing her to continuously relive the shame and trauma of the events. Doe also states that she is "very fearful of being exposed publicly" and will consider dropping the lawsuit if not permitted to proceed pseudonymously . . . In addition, Doe attests that she has not shared with her partner all of what she alleges Perez did to her, for fear of damaging her relationship with her partner, as well as her relationships with his family and her own. This is a much more significant factor than simply a generalized fear of embarrassment.

*Id.* at 22–23 (internal citations omitted). The court distinguished these circumstances from those of the plaintiff who was not permitted to proceed under a pseudonym:

> [She] does not allege that she takes medication or that she has sought psychiatric treatment in connection with the sexual assaults she experienced. She simply states that she does not want her family members and her young daughter to know what happened and that

4

Case 3:23-cv-00426    Document 47    Filed 10/06/23    Page 4 of 11 PageID #: 300

> it would "really upset" her for her daughter to find out. She states that she would be "uncomfortable" pursuing this case if she is not permitted to remain anonymous, because "it would be embarrassing" for her. She does not indicate that she would drop, or consider dropping, her claims if she is not allowed to proceed under a pseudonym.

*Id.* at 10 (internal citations omitted).

Here, Ms. Doe's circumstances align more closely with the latter. Ms. Doe avers that she began participating in intensive trauma therapy in late April 2022 after experiencing "debilitating panic attacks" in connection with the substance of her claims against Coach Picott. Docket No. 1, p. 34. She also states that proceeding under her true name would "require [her] to relive the trauma of that period each time someone connects those private details with her legal name." Docket No. 39, pp. 3–4. But Ms. Doe presents no evidence of any resulting psychiatric diagnoses, no evidence of taking psychiatric medication in connection with those diagnoses, no evidence that proceeding under her true name would damage her close romantic or familial relationships, and no evidence that she would consider dropping the lawsuit if not permitted to proceed pseudonymously. *Compare id. with FedEx Ground*, No. 3:21-cv-00395, 2021 U.S. Dist. LEXIS 209324, at *22–23. In fact, Ms. Doe concedes that she *would* proceed with her claims even if not permitted to do so under a pseudonym: "if the Court does determine that she must proceed under her legal name, Jane Doe would respectfully request that her Declaration, which contains information about her employment and mental health, be kept under seal." Docket No. 42, p. 2, n.2.

The *Porter* factors weigh against the use of a pseudonym, and Ms. Doe has not provided sufficient evidence that the Court should nevertheless allow her to proceed pseudonymously.

5

Case 3:23-cv-00426    Document 47    Filed 10/06/23    Page 5 of 11 PageID #: 301

### b. Additional Factors

#### i. Risks of harm regarding Ms. Doe's community ties and employment

The parties disagree about the risks of harm to Ms. Doe if she is identified in this lawsuit. First, Ms. Doe argues that proceeding under her true name would strain her ties with her conservative Christian community and undermine her ability to perform her job. Docket No. 39, p. 4. But these concerns are merely speculative. In fact, the language that Ms. Doe uses to articulate her concerns is, itself, speculative:

> Doe comes from a conservative Christian community that *could very well retaliate against or discriminate against her* if the details of the same-sex sexual acts committed against her by Ms. Picott, as outlined in the Complaint, are connected to Doe by the use of her legal name . . . Revealing intimate details about [Ms.] Doe's past and the difficulties she and her family have faced *could be used against her* to undermine her ability to perform her job . . . .

*Id.* (emphases added).

The Court recognizes that Ms. Doe's assertions about her employment are likely vague because her employment details are currently under seal. *See* Docket No. 37. But the same cannot be said for her assertions regarding her Christian community. She does not list any specific reasons why or how her community would ostracize her, other than insinuating they may be displeased with her participation in same-sex activities. *See* Docket No. 40, pp. 6–7. Without concrete evidence to support Ms. Doe's assertions above, the Court cannot give them any additional credibility. As a result, this factor favors denying the motion.

#### ii. Potential chilling effect on other similarly situated plaintiffs

Second, Ms. Doe argues that preventing her from proceeding under a pseudonym "would have a chilling effect on other sexual abuse survivors coming forward out of fear of being exposed to the same stigma, shame, embarrassment, and further trauma Jane Doe has suffered here." Docket No. 42, p. 2.

Despite its limited weight, this factor favors granting the motion. On the one hand, the importance of avoiding a potential chilling effect on similarly situated plaintiffs in the abstract usually will not displace the strong presumption of judicial openness in federal courts. But on the other hand, a decision precluding Ms. Doe from proceeding under a pseudonym may discourage other victims of sexual assault from bringing their claims forward. Because Ms. Doe has not provided the Court with information that would suggest a risk of a *significant* chilling effect, the Court will give this factor limited weight.

   **iii.**  **Prejudice to the Defendants if Ms. Doe proceeded under a pseudonym**

The final factor to consider is whether Coach Picott and Vanderbilt University would be prejudiced if Ms. Doe proceeded under a pseudonym. Courts addressing prejudice "have examined 'difficulties in conducting discovery,' the 'reputational damage to defendants,' and the 'fundamental fairness of proceeding anonymously,' among other considerations." *Ramsbottom v. Ashton*, No. 3:21-cv-00272, 2021 U.S. Dist. LEXIS 119989, at *5 (M.D. Tenn. June 28, 2021) (quoting *Rapp v. Fowler*, No. 20-cv-9586, 537 F. Supp. 3d 521, 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021)). Vanderbilt has not argued that it would be prejudiced if Ms. Doe proceeded anonymously, but Coach Picott argues that Ms. Doe "cannot expect to mar the personal and professional reputation of [Coach] Picott while hiding behind a pseudonym." Docket No. 40, p. 10.

Coach Picott asserts that the local media attention on the present suit has negatively impacted her reputation as a "highly successful basketball player and coach," and that, as a result, "fairness requires that [Ms. Doe] be prepared to stand behind her allegations publicly." Docket No. 40, pp. 9–10. Given the detail in which Ms. Doe recounts the factual basis for her claims in the Complaint, this consideration is not insignificant. See Docket No. 1, pp. 17–20, 23–32. "Information and allegations that are highly sensitive and of a personal nature can flow both ways."

7

*Ramsbottom*, 2021 U.S. Dist. LEXIS 119989, at *15 (citing *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 407 (S.D.N.Y. 2019)).

Coach Picott also asserts that withholding Ms. Doe's name from the present suit may inhibit potential witnesses from coming forward with information about the case (*id.* at 8), but as Ms. Doe points out, the list of potential witnesses is calculable and finite (Docket No. 42, p. 4). Unlike the celebrity defendants in *Rapp* and *Ramsbottom*, Coach Picott is a local figure who can access the names of every student she coached at Vanderbilt during the relevant time period in this case. As mentioned in the Complaint, Ms. Doe was affiliated with Coach Picott's team from 2007–2012.[1] Consequently, the potential witnesses that might come forward are not unknown or unidentified, but rather known and readily identifiable by anyone with an Internet connection.[2]

Though this is a closer call, this factor favors granting the motion.

### c. **All factors, taken together, weigh in favor of denying Ms. Doe's request to proceed under a pseudonym.**

Considering all of the *Porter* factors and additional factors that Ms. Doe raises in support of her argument, the Court finds that Ms. Doe has not "established the existence of special circumstances that warrant overriding that presumption in favor of allowing her to proceed pseudonymously." *FedEx Ground*, 2021 WL 5041286, at *9 (citing *Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018)). As a result, the Court must return to its starting "premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin Cnty., Ohio*, 2013 U.S. Dist. LEXIS 134843, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013). In this case, an exception is not warranted.

---

[1] According to the Complaint, Ms. Doe was an undergraduate player on the team from 2007–2011 and a graduate player during her master's program from 2011–2012. Docket No. 1, pp. 4, 22–23.
[2] The Vanderbilt Women's Basketball Program Roster can be accessed at this link, with detailed rosters dating back to the 2006–07 season: https://vucommodores.com/sports/wbball/roster/.

### B. Request for Protective Order

A motion for a protective order is available to "a party or any person from whom discovery is sought." Fed. R. Civ. P. 26(c). The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)).

For the reasons articulated above, Ms. Doe has failed to provide specific facts showing a clearly defined and serious injury that is likely to result if this Court does not enter a protective order shielding her true name from disclosure. Therefore, Ms. Doe's request for a protective order is denied.

### C. Request to Seal Ms. Doe's Declaration

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594–

9

Case 3:23-cv-00426    Document 47    Filed 10/06/23    Page 9 of 11 PageID #: 305

95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public,'" even if neither party objects to the motion to seal. *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

The information that Ms. Doe seeks to have sealed does not fall into one of the categories established by the Sixth Circuit in setting forth its standard for the sealing of documents. Her name, her employment, and details regarding her mental health do not constitute trade secrets, they are not covered by a recognized privilege, and they do not constitute information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594–95. Therefore, there is no information before the Court that would justify the sealing that Ms. Doe requests.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Ms. Doe cannot meet the legal standard required to proceed under a pseudonym. Accordingly, Ms. Doe's Motion (Docket No. 38) is **DENIED**. The Court will stay this Order pending any Motion to review under L.R. 72.01(b). If timely review is sought, this stay will remain in place pending further order by Judge Richardson. If no timely review is sought, the Court will enter an order directing that this case proceed under Ms. Doe's true name.

**IT IS SO ORDERED.**

Jeffery S. Frensley
United States Magistrate Judge