IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-cv-00426 |
| ) | Judge Richardson |
| VANDERBILT UNIVERSITY and ) | Judge Frensley |
| VICTORIA R. PICOTT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

### I. INTRODUCTION

Plaintiff Jane Doe is a former student-athlete and member of the Vanderbilt University Women's Basketball Program ("the Program"). Docket No. 1, p. 4. Victoria Picott ("Coach Picott") was an assistant coach for Ms. Doe's team. *Id.* at 2. In April 2023, Ms. Doe filed this suit against both Coach Picott and Vanderbilt University ("Vanderbilt"), alleging that Vanderbilt "failed to implement and/or enforce policies and practices to identify and prevent the grooming, exploitation, sexual harassment and sexual abuse of its student-athletes by athletic department personnel," and that as a result, Coach Picott "groomed, exploited, sexually harassed, and sexually abused" Ms. Doe while she played on Coach Picott's team. *Id.* at 1–2.

This matter is before the Court upon Ms. Doe's "Plaintiff's Motion for Leave to File [Declaration] Under Seal" (Docket No. 35). Ms. Doe has also filed a Memorandum of Law in Support (Docket No. 36). Coach Picott has filed a Response in Opposition (Docket No. 41), but

no response has been filed by Vanderbilt. For the reasons set forth below, Ms. Doe's Motion (Docket No. 35) is **DENIED**.[1]

## II. LAW AND ANALYSIS

### A. Motions to Seal

There is a "strong presumption in favor of openness" of court records. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). This presumption is grounded in the public's "strong interest in obtaining the information contained in the court record." *Id.* at 1180. It is understood that "the public is entitled to assess for itself the merits of judicial decisions." *Id.* For these reasons, the party seeking to seal court records has the burden of overcoming the presumption of openness. *Id.* "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). In civil litigation, these reasons include "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence . . . ." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594-95 (6th Cir. 2016) (internal quotation marks and citation omitted). "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

"The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Similarly, "a district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure

---

[1] The Court also denied Ms. Doe's request to seal her Declaration in the Order (Docket No. 47) on her "Motion to Proceed Pseudonymously and for Protective Order," and that conclusion is reaffirmed here.

to the public,'" even if neither party objects to the motion to seal. *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). "A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Id.* at 307. This is because litigants cannot waive the public's First Amendment and common law rights of access to court filings. *Rudd*, 834 F.3d at 595. The "greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305.

B. **The Document at Issue**

Ms. Doe seeks to seal "a Declaration that outlines the reasons why her motion should be granted and why she should be permitted to proceed in these proceedings under a pseudonym." Docket No. 36, p. 2. She states that this Declaration "include[s] sensitive mental health information, information about Doe's employment; and details about the sexual assault perpetrated on Doe." *Id.*

Ms. Doe's primary argument for sealing her Declaration is "[t]o maintain her anonymity" (Docket No. 36, p. 2), as making the Declaration public "would defeat the entire purpose of seeking to proceed pseudonymously" (*Id.* at 1). But the Court has since denied Ms. Doe's motion to proceed pseudonymously and, with it, her request to seal her Declaration:

> The information that Ms. Doe seeks to have sealed does not fall into one of the categories established by the Sixth Circuit in setting forth its standard for the sealing of documents. Her name, her employment, and details regarding her mental health do not constitute trade secrets, they are not covered by a recognized privilege, and they do not constitute information required by statute to be maintained in confidence. *See Rudd*, 834 F.3d at 594–95. Therefore, there is no information before the Court that would justify the sealing that Ms. Doe requests.

Docket No. 47, p. 10.

Because the Court has denied Ms. Doe's motion to proceed pseudonymously, the anonymity upon which Ms. Doe's argument to seal rests no longer exists. Accordingly, Ms. Doe

has not satisfied the rigorous standards to justify sealing public court records, and her request to file her Declaration under seal will be denied.

### III. CONCLUSION

For the foregoing reasons, Ms. Doe's Motion (Docket No. 35) is **DENIED**. The Court will stay this Order pending any Motion to review under L.R. 72.01(b). If timely review is sought, this stay will remain in place pending further order by Judge Richardson. If no timely review is sought, the Clerk is directed to unseal Docket No. 37.

**IT IS SO ORDERED.**

Jeffery S. Frensley
United States Magistrate Judge