**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| JANE DOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:23-cv-00426 |
| | ) | |
| v. | ) | |
| | ) | Judge Eli Richardson |
| VANDERBILT UNIVERSITY and | ) | |
| VICTORIA R. PICOTT, | ) | Magistrate Judge Jeffrey Frensley |
| | ) | |
| Defendants. | ) | |

**DEFENDANT VICTORIA PICOTT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE FRENSLEY'S ORDER DENYING PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY (ECF 47) AND TO SEAL (ECF 48)**

Defendant Victoria Picott ("Picott" or "Defendant") submits her Response in Opposition to Plaintiff Jane Doe's ("Plaintiff") Objections to Magistrate Frensley's Order Denying Plaintiff's Motion to Proceed Pseudonymously (ECF 47) and To Seal (ECF 48). Magistrate Frensley's Orders were well-reasoned and supported by long-standing precedent. Plaintiff's Motions were properly denied, and this Court should overrule Plaintiff's objections and adopt the Magistrate's findings.

**PROCEDURAL BACKGROUND**

On April 27, 2023, Plaintiff filed her Jane Doe Complaint, alleging violations of Title IX and lodging various state law tort claims including battery, assault, and negligent and intentional infliction of emotional distress against both Vanderbilt University and her former University basketball coach, Victoria Picott. ECF 1. Both Defendants have filed separate Motions to Dismiss Plaintiff's Complaint. ECF 22, 24. Defendants' Motions remain pending. On July 27, 2023, Plaintiff filed her Motions to Proceed Pseudonymously and for Leave to File Under Seal. ECF 35-

Page **1** of **10**

Case 3:23-cv-00426   Document 51   Filed 11/03/23   Page 1 of 10 PageID #: 330

39. On August 10, 2023, Picott filed her Responses. ECF 40, 41. On October 6, 2023, Magistrate Frensley entered an Order denying Plaintiff's Motion to Proceed Pseudonymously. ECF 47. On October 13, 2023, Magistrate Frensley entered an Order denying Plaintiff's Motion for Leave to File Under Seal. ECF 48.

## ARGUMENT AND AUTHORITIES

For the following reasons, the Court should overrule Plaintiff's objections and adopt Magistrate Frensley's well-reasoned Orders.

### I. The Court's Order on Plaintiff's Motion to Proceed Pseudonymously (ECF 47)

The Court's Order correctly analyzed the rule requiring that federal lawsuits state the names of the parties. *See* ECF 48 at 2 (citing Fed. R. Civ. P. 10(a), (17(a)(1)). Although parties may request to proceed under a pseudonym, as Magistrate Frensley points out, allowing use of a pseudonym is the exception—not the rule. *See id.* at 2, 8 (stating that only "in exceptional cases" may the court grant an order allowing use of a pseudonym).[1] Plaintiff has the burden of proving to the Court that her case is exceptional and that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* (*quoting Doe v. Porter*, 270 F.3d 558, 560 (6th Cir. 2004)). Accordingly, as Magistrate Frensley notes, the Court must engage in a balancing test to determine, in its discretion, not just whether a party's privacy interests outweigh the presumption of open proceedings, but whether those interests *substantially outweigh* that presumption. After evaluating Plaintiff's motion and evidence presented, and weighing that evidence against the strong presumption in the federal courts that parties be named, the Court rightly held that Plaintiff

---

[1] Plaintiffs are permitted to proceed under pseudonyms only under very rare circumstances that justify an exception to this rule. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005); *see also Signature Mgmt. Team, LLC v. Doe*, 323 F. Supp. 3d 954, 957 (E.D. Mich. 2018) ("The public has a right to know who the parties are in almost every case before a federal district court as a matter of 'public confidence in and understanding of the judicial system.'" (internal citations omitted)).

had not met her burden of demonstrating that her privacy interests substantially outweigh that presumption.

Plaintiff's objections seem to rest on the idea that because the Court gave her arguments *some* weight, the Court must grant her request. That is not the law.

In its Order denying Plaintiff's Motion, the Court analyzed the non-exhaustive list of factors identified by the Sixth Circuit in *Doe v. Porter* (the "*Porter* factors") that courts "*may* consider in determining whether 'special circumstances' exist to justify an exception to the rule." *Id.* at 2. (emphasis added). These factors include:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
(2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy;
(3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
(4) whether the plaintiffs are children.

*Id*.

The Court also noted that, under the reasoning in *Porter*, courts may exercise their discretion to consider other factors that may be relevant in a particular case, keeping in mind that the applicable standard is whether "a plaintiff's privacy interests *substantially outweigh* the presumption of open judicial proceedings." *Id.* (emphasis added). Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff proceeding anonymously. *See id.* at 2-3 (citing, *e.g.*, *Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *1 (E.D. Mich. Jul. 17, 2018). Again, whether to consider certain factors at all and what particular weight to give those factors lies in the discretion of the Court and will only be reviewed on appeal for an abuse of that discretion.

In her Motion to Proceed Pseudonymously, Plaintiff conceded that the first and third *Porter* factors do not weigh in her favor. Plaintiff relied solely on factors two and four – arguing that this litigation will compel her to disclose information of the utmost intimacy and that she was a minor during a least some time period of the allegations in her Complaint. Regarding factor four, the Court correctly found that Plaintiff presented no evidence that she was a minor during the period in which she was allegedly "groomed, exploited, sexually harassed, and sexually abused." ECF 47, p. 3, 4. Instead, at the time Plaintiff alleges any sexual contact occurred between her and Defendant Picott, she was a graduate student in her early 20's. *Id*. Plaintiff does not object to the Court's finding as to factor four. As such, three of the four *Porter* factors weigh in favor of requiring Plaintiff to proceed under her real name.

Plaintiff therefore relies exclusively on: (1) the second *Porter* factor (i.e., the utmost intimacy factor); and additional non-dispositive considerations she suggests, including (2) speculative claims of harm to her community ties and employment; (3) and a potential chilling effect.[2] The Court found that Plaintiff satisfied only the second of the four *Porter* factors, but it appears that Plaintiff takes issue with the relative weight the Court, in its discretion, placed on this factor.

Without citing any supporting authority, Plaintiff states that the second *Porter* factor is dispositive. ECF 50, p. 2. On the contrary, nothing in *Porter* or any other case reviewed by Defendant evaluating the *Porter* factors holds that one particular factor is dispositive. *See Porter*, 370 F.3d at 560 (holding that the factors are not intended to be exhaustive and the Court may exercise its own discretion to consider other relevant factors). Other jurisdictions that have

---

[2] Plaintiff also misstates the Court's Order in arguing that the Court agreed with Plaintiff's assertion that "Defendant Picott would not be prejudiced by allowing Ms. Doe to proceed pseudonymously." ECF 50, p. 6. On the contrary, the Court stated that the consideration "was not insignificant" and that it was a "closer call." ECF 47, p. 8.

considered requests of pseudonymity hold similarly. *See, e.g., Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981) ("We advance no hard and fast formula for ascertaining whether a party may sue anonymously. The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings."); *John Doe v. Jane Doe*, No. 23-1058, 2023 WL 7030180 (4th Cir. Oct. 26, 2023) (stating that no particular weight is prescribed to any individual factors when considering factors similar to those in *Porter*).

Although Plaintiff argues that this Court has granted motions to proceed under a pseudonym when the plaintiff satisfies only one of the four *Porter* factors, citing *Doe v. FedEx Ground Package System, Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021), Plaintiff's argument conveniently ignores that the Court in *FedEx* found additional support for anonymity in at least one other factor outside of the four stated in *Porter*, namely the risk of psychological or other harm to the plaintiff if identified. *See* 2021 WL 5041286 at *6-9. It is with respect to this "other factor," that the Court here distinguished this case, noting that of the two plaintiffs who sued FedEx, both of whom satisfied the utmost intimacy factor, only one presented evidence of additional exceptional circumstances and was allowed to proceed pseudonymously. The other FedEx plaintiff failed to meet her burden (despite satisfying the utmost intimacy factor) and was therefore required to be identified. ECF at 4-5. Magistrate Frensley found that Plaintiff's circumstances in this case more closely aligned with the latter *FedEx* plaintiff. (*Id.*)

Plaintiff disputes the Court's analysis of the *FedEx* case., and claims that she, too, will experience "significant . . . secondary trauma" if her identity is disclosed. ECF 37, at ¶ 6. When a plaintiff claims that disclosure of her identity in litigation will "retrigger" psychiatric trauma symptoms, however, she must provide some "link between public disclosure of [her] name and the

described psychological risk"; otherwise, "[t]here is simply no way to conclude that granting ...permission to proceed under [a] pseudonym[ ] will prevent [plaintiff] from having to revisit the traumatic events." *Ramsbottom v. Ashton*, 2021 WL 2651188, *6 (M.D. Tenn. June 28, 2021) (internal citations omitted). In relying on *FedEx*, the Court accurately found that Plaintiff failed to present sufficient evidence establishing the exceptional circumstances necessary to support her claim for relief.

Likewise, Plaintiff presents insufficient evidence of any other factor that would warrant the exceptional relief she requests. She has provided zero support for her contention that proceeding under her legal name would have a chilling effect on other sexual abuse or harassment survivors. The Court properly reasoned that "the importance of avoiding a potential chilling effect on similarly situated plaintiffs in the abstract usually will not displace the strong presumption of judicial openness in federal courts." ECF 47, p. 7. The Court properly gave little weight to this factor.

Similarly, the Court concluded that Plaintiff's claims about the risk of harm to her community ties and employment were equally speculative and conclusory. *Id*. at p. 6. As the Court correctly noted, Plaintiff's claims that her community *could* hypothetically ostracize her or that details of this case "could be used against her to undermine her job" are vague and provide no specific reasons or concrete evidence why this may be the case.[3] "[T]he potential for

---

[3] Magistrate Frensley's reasoning is consistent with numerous other courts that have considered similar arguments from plaintiffs about potential retaliation or other effects of proceeding without a pseudonym. *See, e.g., Doe v. Doe*, No. 23-1058, 2023 WL 7030180, *5 (4th Cir. Oct. 26, 2023)(finding that the district court did not abuse its discretion in looking for evidence of a risk beyond a plaintiff's bare assertion that he could be targeted for retaliation if his name was public)(citing *Student A. v. Liberty Univ., Inc*., 602 F. Supp. 3d 901, 920 (W.D. Va. 2022) (explaining that the plaintiffs "argued and provided evidence to support more than a mere 'general fear' of retaliation"); *Freedom From Religion Foundation, Inc. v. Cherry Creek Sch. Dist. #5*, No. 07-cv-02126-MSK, 2009 WL 2176624, at *6 (D. Col. July 22, 2009) (explaining that "the unsubstantiated potential for an adverse public reaction" was insufficient where the plaintiffs had "not presented any evidence that reflects disapproval ... or suggests they would be the target of actual threats, harassment or retaliation"); *Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("fears of embarrassment or vague, unsubstantiated fears of retaliatory actions ... do not permit a plaintiff to proceed under a pseudonym"); *Doe v.*

Page **6** of **10**

Case 3:23-cv-00426 Document 51 Filed 11/03/23 Page 6 of 10 PageID #: 335

embarrassment or public humiliation does not, without more, justify a request for anonymity." *Ramsbottom* at *4. The Court rightfully declined to give any weight to Plaintiff's proposed and unsupported theories.

The Court therefore properly found in its discretion that the *Porter* factors, as a whole, weigh against the use of a pseudonym, and that Plaintiff had not identified any other sufficient basis to overcome the strong presumption of open courts.[4] For similar reasons, the Court properly denied Plaintiff's request for a protective order stating that Plaintiff "failed to provide specific facts showing a clearly defined and serious injury that is likely to result if this Court does not enter a protective order shielding her true name from disclosure." ECF 47, p. 9.

Plaintiff's objections fail to sufficiently meet her burden to establish that she is entitled to the extraordinary relief of pursuing this litigation under a pseudonym. This Court should therefore overrule Plaintiff's objections and adopt Magistrate Frensley's Order denying Plaintiff's Motion to Proceed Pseudonymously.

## II. The Court's Order on Plaintiff's Motion for Leave to File Under Seal (ECF 48)

The Court properly relied on well-established federal law when it denied Plaintiff's Motion for Leave to file her declaration under seal, citing substantial legal precedent emphasizing the "strong presumption in favor of openness" of court records. ECF 48, p. 2. Pursuant to Local Rule

---

*Beaumont Indep. Sch. Dist*., 172 F.R.D. 215, 217 (E.D. Tex. 1997) (denying use of pseudonym where the record contained no "other factors" or "threats of violence" to support the plaintiff's argument that "it has happened before, therefore it might happen here")).

[4] The "general rule [is] that a complaint ***must*** state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (emphasis in original) (citing Fed. R. Civ. P. 10(a)); *see also Smith v. S.E.C.*, 129 F.3d 356, 359 n.1 (6th Cir. 1997) (noting the "strong presumption that court files will be open to the public"). This rule has "constitutional overtones," as a plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings, a right that is supported by the First Amendment..." *Doe v. Del Rio*, 241 F.R.D. 154, 156 (S.D.N.Y. 2006) (internal citations omitted); *see also Doe v Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) ("The normal presumption... that parties must use their real names... is loosely related to the public's right to open courts and the right of private individuals to confront their accusers." (internal citations omitted)).

5.03(a), which is intended to mirror the law of this Circuit pertaining to sealed documents, Plaintiff is required to demonstrate compelling reasons to seal her Declaration and specifically analyze in detail the propriety of secrecy by providing factual support and legal citations. *See* M.D. Tenn. Loc. R. 5.03(a). Rule 5.03 goes even further to state, "Generally, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." *Id*. The Court properly found that Plaintiff's declaration "does not fall into one of the categories established by the Sixth Circuit in setting forth it's standard for sealing documents." ECF 47, p. 9, 10; ECF 48, p. 3 (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 594-95 (6th Cir. 2016)).

Plaintiff's name, her employment status, and details regarding her mental health do not contain trade secrets, or information covered by a recognized privilege or statute. Magistrate Frensley properly denied Plaintiff's request to seal her declaration based on well-established federal precedent favoring openness of court records. This Court should overrule Plaintiff's objections and adopt the Court's Order.

## **CONCLUSION**

As Magistrate Frensley correctly reasoned, "'proceeding pseudonymously is the exception rather than the rule.' In this case, an exception is not warranted." ECF 47, p. 8. For the foregoing reasons, the Court should overrule Plaintiff's objections and adopt Magistrate Frensley's Orders in their entirety.

DATED this the 3rd day of November, 2023.

                                                                                 s/Paige M. Lyle  
Paige M. Lyle (TN 032959)  
Sarah B. Morton (TX 24066151)  
*Admitted Pro Hac*  
**FORDHARRISON LLP**  
150 3rd Avenue South  
Suite 2010  
Nashville, TN 37201  
Telephone: (615) 574-6700  
Facsimile: (615) 574-6701  
mstamelos@fordharrison.com  
plyle@fordharrison.com  

*Counsel for Defendant Victoria Picott*

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF System to the following this the 3rd day of November, 2023.

Anne Hunter  
Hunter Law Firm  
101 Creekside Crossing  
Suite 1700-307  
Brentwood, TN 37027  
615-592-2977  
anne@hunteremploymentlaw.com

Tina O. Miller  
Reisinger Comber & Miller, LLC  
436 Seventh Avenue #300  
Pittsburgh, PA 15219  
(412) 894-1380  
tmiller@reisingercomber.com

*Attorneys for Plaintiff*

Bruce M. Berman  
Molly M. Jennings  
Wilmer, Cutler & Pickering Hale and Dorr LLP  
1875 Pennsylvania Avenue NW  
Washington, DC 20006  
(202) 663-6000  
Fax: (202) 663-6363

Page **9** of **10**

Case 3:23-cv-00426　　Document 51　　Filed 11/03/23　　Page 9 of 10 PageID #: 338

bruce.berman@wilmerhale.com
molly.jennings@wilmerhale.com

Kevin C. Klein
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
(615) 600-4780
Fax: (615) 600-4780
kevin.klein@kleinpllc.com


Joshua W. B. Richards
Levi R. Schy
Saul Ewing
1500 Market Street
38th Floor
Philadelphia, PA 19102
215-972-7737
joshua.richards@saul.com
levi.schy@saul.com

*Attorneys for Defendant Vanderbilt*

                s/Paige M. Lyle
                Paige M. Lyle